## RECOVERY FOR INJURY TO A TRUCKMAN.

Circuit Court of Cuyahoga County.

ERIE RAILROAD COMPANY V. ANTONIO MARULLO.

Decided, November 13, 1911.

*Master and Servant—Negligence.*

Failure of a railroad company to furnish cleats to prevent an iron plate or runway between two car doors from slipping, whereby a trucker in its employ was injured, is actionable negligence.

*Cushing, Siddall & Palmer,* for plaintiff in error.
*Harry F. Payer,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The defendant in error, plaintiff below, recovered a verdict and judgment of $4,000 against his employer, the Erie Railroad Company, for injuries received April 27, 1908, at its Akron freight house, where he was employed as a trucker. Two rows of box cars stood on tracks opposite the platform; and the spaces between the platform and cars, and between cars standing opposite each other on adjacent tracks, were spanned by iron plates, over which the truckers wheeled their truck-loads of freight in loading or unloading the cars. If the floors of cars to be thus connected were of uneven heights, so that the iron plate was apt to slip when struck by the truck wheels, a small cleat or

other means of holding it in place was nailed or fastened to the car floor in front of it.

Cleats for this purpose were kept in the freight house, and on the morning in question, one Lamanta, a fellow-servant of Marullo, went to the cupboard in the office for the purpose of securing a hammer, nails and blocks for this use, but there the foreman of the truckers, one Frank Tucker, ordered him away to other work, with the statement that he would get someone else to secure the runway plates. Nothing however was done in this regard, so that in the course of the forenoon, while Marullo was pulling a truck load of books over one of the plates, the plate slipped and caused the truck to fall and become wedged between the cars in such wise as to catch Marullo and seriously injure him. Marullo had been in and out of various cars that morning in the discharge of his duties, and it seems probable, from the evidence, that he had once crossed this iron plate in safety prior to the accident. He says, however, that he did not observe, and because of the dim light could not readily have seen, that the plate was not blocked or cleated as usual.

This state of facts, of course, makes a plain case of common law liability. Even if the fault were solely that of one who would, at common law, have been a fellow-servant, or if notice to the company, or want of notice to the employe had not been proved, it would seem that the recovery might be upheld under General Code, Sections 9017 and 9018.

Complaint is made of the court's refusal to grant defendant's fourth request that ''if the truckers were to place and block the runways, if they needed blocking, and Marullo, the plaintiff, knew that it was their duty so to do, then he can not recover.''

Likewise, complaint is made of the refusal to give defendant's somewhat similar seventh request. The bill shows that the seventh request was given and not refused; and besides, at page 298 of the bill, the court said:

·''You are instructed that it is the duty of the master, in this case the railroad company, to exercise ordinary care in providing a safe runway for the plaintiff, and the plaintiff had a right to rely upon that duty being performed. But if it be shown by the evidence that the company made it a part of the duty of this plaintiff to lay and secure this runway, and if the jury find

that the runway was not secured, in that case then this plaintiff can not recover.''

This was certainly all that the defendant was entitled to in this behalf.

It is complained further that although the plates themselves were expressly conceded by the plaintiff not to have been defective, still the court charged the jury in such wise as to leave the question of their defectiveness to them.   On page 291, of the bill, however, the court said:

''The evidence introduced in the case, and before this jury, warrants and justifies the consideration and investigation by the jury of only one of the acts of negligence charged in the petition, and that allegation is the one in which plaintiff charges that the defendant was negligent in omitting to fasten or nail down the metal runway,'' etc.

We have carefully examined the entire charge, and find it in many respects more favorable to the defendant than it was entitled to ask, and in no respect less favorable to the defendant than the law requires or permits.

We have carefully examined the exceptions to the introduction and rejection of evidence on each of the pages noted in the memorandum of defendant's counsel, without discovering any error in the rulings complained of prejudicial to the plaintiff in error.   The exceptions are so numerous that it would be unprofitable to attempt to rehearse them in detail.

Suffice it to say, that having examined every assignment of error, we find nothing to justify a reversal, and the judgment is therefore affirmed.